# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JATL Enterprises, LLC *Plaintiff*, v. Nick Allen Mabray, *Defendant*, | Case No. CIV-20-060-RAW |

## ORDER

JATL Enterprises, LLC (hereinafter "JATL") filed this action on February 26, 2020, alleging that after contracting to purchase and care for cattle on JATL's behalf, Nick Allen Mabray (hereinafter "Mabray") misrepresented to a bank that JATL's cattle belonged to him, resulting in JATL's cattle being obtained by the bank. JATL brings claims for breach of contract, conversion, and fraud and seeks the amount it paid for the cattle, the amount it paid to Mabray for the care of the cattle, and punitive damages.

Mabray filed a motion to dismiss on September 8, 2020. On October 27, 2020, this action was stayed in light of Mabray's bankruptcy filing. On January 22, 2021, the court granted JATL's motion to vacate the order staying proceedings. Now before the court, therefore, is Mabray's motion to dismiss [Docket No. 17].

Mabray's motion is devoid of references to any applicable law. Mabray also attaches evidence and asserts matters beyond the allegations in the Complaint. JATL then attaches evidence to its response, noting that should the court consider any outside evidence, it must construe this as a motion for summary judgment.

Mabray states that this action should be dismissed because: (1) he acted only in his capacity as manager of Mabray Cattle Company, LLC, and/or Mabray Land & Cattle Company, LLC.; (2) JATL is not registered to do business in Oklahoma; and (3) Tom Duis is an unnamed necessary party.  While Mabray does not include any legal references, as JATL notes, should the court exclude the attached evidence and consider this a motion to dismiss, the motion appears to be pursuant to Rule 12(b)(6) and possibly 12(b)(7) of the Federal Rules of Civil Procedure.

For purposes of a motion to dismiss, the court accepts as true all well-pleaded facts in the complaint and construes those facts in the light most favorable to the plaintiff.  *Western Watersheds Project v. Michael,* 869 F.3d 1189, 1193 (10th Cir. 2017).  The Complaint states that JATL, through its principal owner and manager Tom Duis, contracted with Mabray.  Accepting those allegations as true, Mabray's motion fails on his first and third arguments.[*]  Mabray's motion also fails on his second argument, as the matter of JATL's registration or lack thereof goes beyond the scope of the Complaint.  Accordingly, the motion to dismiss is denied.

Since the parties have included evidence, the court considers the motion as one for summary judgment as well.  The court will grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).  In applying the summary judgment standard, the court views the evidence and draws reasonable inferences therefrom in the light

---

[*] Moreover, to the extent Mabray's third argument is pursuant to Rule 12(b)(7), his evidence is insufficient to show the nature of any interest possessed by Tom Duis or that any such interest will be impaired by his absence.  *See Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292, 1293-94 (10th Cir. 1994).

most favorable to the nonmoving party. *Burke v. Utah Transit Auth. & Local 382*, 462 F.3d 1253, 1258 (10th Cir. 2006).

Mabray argues that: (1) he acted only in his capacity as manager of Mabray Cattle Company, LLC, and/or Mabray Land & Cattle Company, LLC.; (2) JATL is not registered to do business in Oklahoma; and (3) Tom Duis is an unnamed necessary party. In support of his first argument, Mabray submits an affidavit. *Docket No. 17-1*. In support of first and third arguments, he submits invoices and notices of wire transfers. *Docket No. 17-2*. He submits nothing but his bald assertion in support of his second argument.

As JATL demonstrates, Mabray's affidavit is in direct conflict with his previous sworn statements to the United States Bankruptcy Court for the Eastern District of Oklahoma. *Docket No. 19-3*. Furthermore, Mabray's attached invoices and notices of wire transfers are wholly insufficient to show that he is entitled to judgment as a matter of law. Accordingly, the motion for summary judgment is also denied.

Mabray's motion [Docket No. 17], whether construed as a motion to dismiss or a motion for summary judgment, is hereby DENIED.

**IT IS SO ORDERED** this 19th day of March, 2021.

_____
**THE HONORABLE RONALD A. WHITE
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF OKLAHOMA**